HEINTZE v. GRAHAM.

(Supreme Court, Appellate Term. May 7, 1909.)

1. NEW TRIAL (§ 102*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

Where, on the issue of payment, plaintiff testified that certain receipts offered by defendant were forgeries, plaintiff was not entitled to a new trial on the affidavit of a handwriting expert that the signatures to the receipts were forgeries; the proffered expert testimony not being newly discovered evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

2. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where plaintiff failed to ask for a continuance in order to procure the testimony of handwriting experts to show that receipts offered by defendant were forgeries, she could not, on judgment being rendered for defendant on the issue of payment, procure a new trial on the proffer of such expert testimony as newly discovered evidence.

[Ed. Note:—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Hertha H. Heintze against Thomas F. Graham. From an order granting plaintiff a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

B. Gerson Oppenheim, for appellant.
Clarence O. Maas, for respondent.

PER CURIAM. The plaintiff brought this action to recover the balance due upon a promissory note made by the defendant for the sum of $100. The answer was the plea of payment and a counterclaim. Upon the trial the making, execution, and delivery of the note for value was admitted, and the defendant took the affirmative of the case. He offered in evidence three receipts, one for $15, one for $30, and one for $60. He also offered evidence tending to show that he loaned the plaintiff money at different times, giving the different amounts and dates, which were disputed by the plaintiff, and which need not enter into this discussion. The plaintiff admitted that the receipt for the sum of $30 was given by her, but testified that the receipts for $15 and $60 were never given by her, and that her signatures thereto were forgeries. The defendant testified positively

that as to those receipts he saw the plaintiff sign them and that they were signed by her in his presence and at the times he made the payments respectively indicated thereby. This was as positively denied by the plaintiff. As to the signatures to the disputed receipts, the defendant's wife, a sister of the plaintiff, also testified that they were not in the handwriting of the plaintiff. The court below gave judgment in favor of the defendant for the sum of $5 and costs, having allowed to defendant the amount shown by the said receipts. This judgment was rendered on October 1, 1908. The plaintiff thereafter employed a handwriting expert to examine said receipts, and on October 7th this expert reported that the disputed receipts were, in his opinion, forgeries. On October 12, 1908, the defendant of his own initiative, and without payment thereof having been made, satisfied the judgment in his favor, and the clerk of the court below delivered all the receipts offered in evidence to him. On October 21st the plaintiff made a motion for a new trial upon the ground of newly discovered evidence. This was opposed by the defendant. On October 29th the motion was granted, and from the order so made this appeal comes up.

No stay was obtained by the defendant, and the new trial was had on November 18, 1908, when judgment was taken against the defendant for the full amount of plaintiff's claim; the defendant having defaulted in appearing. The only practical basis for the granting of the new trial was the affidavit of the handwriting expert, who testified as to his competency, and his examination of the disputed receipts, and a comparison of them with the handwriting of the defendant, and then gave his opinion that the disputed receipts were forged, and that they were written by the same person who wrote the "specimens of handwriting submitted to me of the genuine handwriting of Thomas F. Graham," the defendant herein. He also gave it as his opinion that the receipts were written at the same time, with the same pen, and that the disputed signatures were tracings of the signature upon the genuine receipt. While the action of the defendant, as shown by the foregoing history of the case, points strongly to criminal conduct, and the evidence adduced seems to indicate that the plaintiff may have been wronged by the first judgment given in favor of the defendant, nevertheless we must observe the well-established rule in this case that governs in any other case as to the essentials necessary to be shown to authorize the setting aside of the judgment and granting a new trial.

As before stated, the only basis for the granting of a new trial is the testimony of the handwriting expert. The plaintiff, it is true, repeats in her affidavit, used upon the motion, the substance of her testimony given upon the trial, and also says that she was surprised at the production upon the trial of the disputed receipts. The other affidavits used on the part of the plaintiff are devoted to a history of the proceedings upon the trial and the method taken to procure the examination of the disputed receipts by the handwriting expert. There is nothing new set forth in those affidavits, and nothing that would not be a repetition of the evidence given on the former trial.

The testimony of the handwriting expert is not, as claimed by the plaintiff, "newly discovered" evidence, it is merely newly made evidence, and could as easily have been produced upon the original trial as upon a new trial. It must be observed that her counsel upon the trial did not express surprise at the production of the disputed receipts, or ask that the trial be postponed or suspended to enable him to meet the issue thus advanced. Had this been done, the refusal to adjourn the case for that purpose might well have been considered ground for a reversal.

The case of James McCreery Corporation v. Equitable Nat. Bank, 54 Misc. Rep. 508, 104 N. Y. Supp. 959, cited by the respondent herein, is not applicable to the facts in this case. In that case the plaintiff's attorney did not know that he could procure the evidence upon the trial, which he afterwards ascertained, and he had made diligent efforts before the trial to procure it, and had failed. The plaintiff herein met the issue tendered by the defendant as to the genuineness of the disputed receipts and rested upon the proof adduced by her as to their forgery. If courts may grant new trials ·upon the testimony offered herein as a basis, then almost every case, especially those involving expert testimony, may be retried upon procuring an expert's opinion, after judgment, upon some material fact shown upon the trial. Such is not the law. One of the essential items to be shown, to entitle the party to a new trial upon the ground of newly discovered evidence, is that such evidence could not have been obtained upon the former trial by the exercise of reasonable diligence. O'Hara v. Brooklyn Heights R. R. Co., 102 App. Div. 398, 92 N. Y. Supp. 777. Nothing of the kind is shown here. Apparently the plaintiff has been injured by the action of the defendant; but we cannot set aside well-defined principles of law governing applications of this kind, even though injustice may result from the observance thereof. The evidence in this case should be laid before the district attorney of the county and the conduct of defendant's attorney properly inquired into; but the order appealed from must, for the reasons here given, be reversed.

Order reversed, without costs, and defendant's attorney is ordered and directed to file forthwith with the clerk of this court the three receipts offered in evidence in this case and taken from the clerk's office of the Municipal Court of the Fifth District by the defendant's attorney. ·